[Civ. No. 62166. Second Dist., Div. Four. Dec. 23, 1981.]

**COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO,**
Plaintiff and Appellant, v.
**GENERAL TELEPHONE COMPANY OF CALIFORNIA,**
Defendant and Respondent.

**84**

COUNSEL

Bodkin, McCarthy, Sargent & Smith and Timothy J. Sargent for Plaintiff and Appellant.

Albert M. Hart, H. Ralph Snyder, Jr., and Richard E. Potter for Defendant and Respondent.

OPINION

KINGSLEY, J.—Plaintiff union appeals from a judgment affirming an arbitration award. We affirm.

This case arises out of a grievance proceeding by the union, on behalf of one of its members (Claude Baptiste), to set aside Baptiste's discharge by respondent. Baptiste had, while engaged on the employer's business, become involved in an "altercation" with a citizen that resulted in injuries to the citizen. In spite of Baptiste's claims made to his supervisor that the injuries were committed in self-defense, he was discharged. That discharge was the subject matter of the grievance proceeding which, pursuant to the collective bargaining agreement, ultimately proceeded to arbitration.

After the arbitration proceeding was instituted, but before it was set for hearing, Baptiste proceeded to seek, and obtain, a series of other employments. Shortly before the hearing date was set, he was offered a job on an offshore drilling project in Surinam, South America. A condition of that employment was that he leave immediately for Surinam; he

was furnished transportation (apparently in an aircraft furnished by the employer) and advanced $150. Baptiste asserts that, because of time limitations, he did not inform his mother of his plan before leaving. He does not explain why he did not inform his attorney or the union. When he arrived in Surinam, he discovered that, because of a political coup in that country, the drilling project had been abandoned and he was left with only $50 in cash. Because of his shortage of funds, he was unable to communicate with his family in the United States. Eventually he secured some employment, was able to communicate with his family and, ultimately, arrived in Los Angeles after the arbitration proceeding had terminated in an award against his grievance.

The union then, within the statutory period, filed its petition to vacate the award; the employer countered with a petition to confirm. After a hearing, the trial court denied the petition to vacate and granted the petition to confirm. This appeal followed. We affirm the judgment of confirmation.

As soon as the date of the arbitration hearing was set, the union made vigorous, but futile, efforts to locate Baptiste. Those efforts (not here attacked as lacking in diligence) were unsuccessful because Baptiste was then incommunicado in Surinam. As a result, counsel for the union arrived at the arbitration hearing without him. At the request of the union, but over the objection of the employer, the arbitrator granted a three-week continuance, making it clear that no further continuance would be allowed. By the time the new hearing arrived, the union had not yet succeeded in contacting Baptiste and the case was submitted to the arbitrator on the unsworn statements made by Baptiste to the police and to his employer shortly after the altercation and on the oral testimony of the citizen. The arbitrator rejected the statements made by Baptiste as being inadmissible hearsay and, accepting the citizen's version of the episode, made his award in favor of the employer. The portions of that award pertinent to this appeal, are as follows:

"Although the Rules of Evidence do not apply in arbitration proceedings, an award of an arbitrator in such a proceeding should be based upon competent evidence which is deemed reliable. Hearsay evidence while not excluded from arbitration proceedings cannot be the basis to support an arbitration award. The grievant in the instant case did not appear and testify at any of the proceedings in this matter and the reports of the Ontario Police Department and the reports of the Company

investigator attributing statements made by the grievant were not taken in such manner as to be considered competent evidence in the State of California and do not meet the requirements for affidavits called for by California law. In addition, the credibility issues in this case cannot be resolved in favor of the grievant in light of his failure to appear and testify in his behalf.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Mr. Haverstock's testimony relative to this incident is in conflict with written reports of interviews conducted with him as to the incident in front of his house as well as where his truck was located on the street when Mr. Baptist [*sic*] struck him. Nevertheless these discrepancies do not warrant the arbitrator substituting his judgment for that of the company in this instance. It is quite possible based on the conflicts that Mr. Haverstock may have challenged or provoked his striking, but competent evidence in the record does not support such a finding."

I

In the trial court, the petition to vacate was based on the clause in section 1286.2 of the Code of Civil Procedure that requires a vacation where an arbitrator refuses, without cause, to continue a hearing. In this court, the union relies also on other clauses of that section, especially the refusal of the arbitrator to accept as valid evidence the out-of-hearing statements made by Baptiste, on an analogy to section 473 of the Code of Civil Procedure and on what it denominates the "general equitable powers" of a trial court.

Although the petition was not as specific as might be desired, it is clear from the conclusions of law filed by the trial court that that court had considered all of the grounds herein urged. The pertinent portions of those conclusions are as follows:

"1. There was no misconduct by the Arbitrator concerning the appearance or testimony of the Grievant.

"2. The Arbitrator did not refuse to postpone the hearing.

"3. Petitioner waived any right to further postponement of the hearing.

"4. There was no unlawful or inequitable conduct upon the part of the Arbitrator or any party." We proceed, therefore, to consider the grounds here urged on us.

## II

At the continued hearing, no further continuance was requested, counsel for the union expressing a willingness to go forward with the hearing because he did not think that Baptiste would be a necessary witness. Under those circumstances, there is no basis in the record for the contention that the arbitrator violated the clause in section 1286.2 herein relied on.

## III

We can see no "misconduct" in the arbitrator's rejection of the out-of-hearing statements of Baptiste. As the arbitrator stated, although hearsay evidence, inadmissible in a court trial, is admissible in the arbitration hearing, the arbitrator may weigh the credibility of such hearsay and his determination of credibility is not reviewable in the trial court on a petition to vacate.

## IV

We are cited to no authority, and know of none, that makes either section 473 of the Code of Civil Procedure or the general equity powers of a trial court, applicable to the case before us. The Legislature has carefully set forth in section 1286.2 the grounds for vacating an arbitration award. Mistake or excusable neglect are nowhere set forth in those limited grounds. As we have said above, none of those grounds are here shown.

The judgment confirming the award is affirmed.

Files, P. J., and McClosky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 10, 1982.